UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FLETCHER FREEMAN**<br>**#93764** | **CIVIL ACTION NO. 09-1867**<br>**SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **FEDERAL LOUISIANA LAW**<br>**ENFORCEMENT** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on October 28, 2009, by *pro se* plaintiff Fletcher Freeman.  Plaintiff is currently incarcerated at the Calcasieu Correctional Center (CCC), in Lake Charles, Louisiana.

*Statement of the Case*

The undersigned conducted an initial review of the complaint on August 24, 2010, and issued a Memorandum Order [Doc. 8] directing plaintiff to amend his deficient complaint within thirty days.  On August 30, 2010, plaintiff filed a motion for extension of time to amend complaint [Doc. 9]. The motion was granted by this court on September 1, 2010 [Doc.10] giving plaintiff until October 21, 2010 to amend his complaint.  More than a month has elapsed and plaintiff has not responded to that order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *Link v.*

1

*Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629. Plaintiff was directed to provide additional information and he has failed to do so.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Lake Charles, Louisiana on December 6, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE